640

PHOTOSNAP, Inc., v. McCRORY STORES
CORPORATION.
No. 8056.

District Court, E. D. New York.
Dec. 14, 1936.

Louis Schumacher, of New York City, for plaintiff.

Daniel L. Morris, of New York City, for defendant.

ABRUZZO, District Judge.

This motion is made by the defendant to dismiss the complaint.

The plaintiff is the owner of a photomachine which takes a series of small photographs by a person sitting in a booth and the pictures are developed while the patron waits. The defendant has a photomachine in its store which the plaintiff claims infringes his patent. The defendant is not the owner of the machine which is in its establishment, but one Edward E. Lee, whose residence is in California, is the owner.

The complaint alleges that the defendant conspired with others to promote infringement of the patents of the plaintiff and that the defendant has a direct interest in the proceeds of the said infringement. The plaintiff further claims that the defendant has complete control of the infringing apparatus and could, at its pleasure, promote or prevent the said infringement.

The defendant admits it receives a certain amount out of the proceeds of the sale of the products of the alleged infringing machine and, undoubtedly, the good will and reputability of the McCrory Stores Corporation were used to promote the sale of the products of this photo-machine. Its counter displays, demonstrations, and sales talks would indubitably tend to promote sales.

The alleged infringing machine, its products, and the service connected with it are placed in the establishment of the defendant which directly or indirectly indicate that they are the products of the defendant. Nothing to the contrary can be seen by the public nor is there any mention of the fact that they are not a part of the stock of the McCrory Stores Corporation.

The products of the alleged infringing machine are inclosed in envelopes and wrappings which are used throughout the establishment of the defendant, bearing the name of the McCrory Stores Corporation. Any complaint of a dissatisfied patron is made to the general manager of the defendant's store and refunds from the general cash register of the McCrory Stores Corporation have been made. The general manager of the defendant's establishment has commanded the retaking of photographs about which complaints have been made. There are some other facts, which are not necessary to mention in connection with this motion, but which the plaintiff may be able to prove upon the trial of the action.

The McCrory Stores Corporation has set up the contract between the owner of the machine, Edward E. Lee, and itself. The agreement sets forth fully how the machine shall be operated, what percentage of the gross receipts shall be received by the McCrory Stores Corporation, and other terms which are not for the moment relevant to the motion. However, the contract or lease (as it is termed by the defendant) gives to the McCrory Stores Corporation full control of the manner in which this machine shall be operated, even to the quality and quantity of the sales to be made.

With respect to the questions as to whether or not the defendant has infringed the plaintiff's machine, whether or not the plaintiff can substantiate and uphold its patent, and whether or not the defendant, the McCrory Stores Corporation, made a profit on the alleged infringement, these cannot be determined on a motion to dismiss the complaint.

Because of the disputed questions of fact, which can only be decided by a trial of the issues, the motion to dismiss the complaint is hereby accordingly denied.